*Tiffany Morton v. The Kroger Co.*
*State Court of Clayton County, State of Georgia*
*Civil Action File Number: 2021CV01609*

*Tiffany Morton v. The Kroger Co.*
*USDC, Northern District, Atlanta Division*
*Civil Action File Number: TBA (Removal # 1:19-mi-99999)*

# EXHIBIT A: PETITION FOR REMOVAL

## ALL PLEADINGS, PROCESS, AND ORDERS SERVED UPON DEFENDANT THE KROGER CO. IN THE STATE COURT OF CLAYTON COUNTY, STATE OF GEORGIA

2021CV01609

# General Civil Case Filing Information Form (Non-Domestic)

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Ravie Tucker

**Court**                County _____        Date Filed _____
☐ **Superior**
☐ **State**              Docket # _2021CV01609_                    MM-DD-YYYY

**Plaintiff(s)**                                    **Defendant(s)**

_____        _____
Last    First    Middle I. Suffix Prefix    Maiden        Last    First    Middle I. Suffix Prefix    Maiden

_____        _____
Last    First    Middle I. Suffix Prefix    Maiden        Last    First    Middle I. Suffix Prefix    Maiden

_____        _____
Last    First    Middle I. Suffix Prefix    Maiden        Last    First    Middle I. Suffix Prefix    Maiden

_____        _____
Last    First    Middle I. Suffix Prefix    Maiden        Last    First    Middle I. Suffix Prefix    Maiden

**No. of Plaintiffs _____**                    **No. of Defendants _____**

**Plaintiff/Petitioner's Attorney**    ☐ **Pro Se**

_____
Last              First              Middle I.    Suffix

**Bar # _____**

| **Check Primary Type** (Check only **ONE**) | **If Tort is Case Type:** (Check no more than **TWO**) |
|---|---|
| ☐ Contract/Account | ☐ Auto Accident |
| ☐ Wills/Estate | ☐ Premises Liability |
| ☐ Real Property | ☐ Medical Malpractice |
| ☐ Dispossessory/Distress | ☐ Other Professional Negligence |
| ☐ Personal Property | ☐ Product Liability |
| ☐ Equity | ☐ Other Specify _____ |
| ☐ Habeas Corpus | _____ |
| ☐ Appeals, Reviews | **Are Punitive Damages Pleaded?** ☐ Yes ☐ No |
| ☐ Post Judgment Garnishment, Attachment, or Other Relief | |
| ☐ Non-Domestic Contempt | |
| ☐ Tort (If tort, fill in right column) | |
| ☐ Other General Civil Specify _____ | |

*Tiki Brown*
Tiki Brow
Clerk of State Cou
Clayton County, Georg
Ravie Tuck

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA

9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

| Tiffany Morton |
| --- |
| |
| |

Plaintiff

Vs.

2021CV01609

Case Number

| The Kroger Co. |
| --- |
| |
| |

Defendant

## SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):
You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

Marty K. Senn
Reynolds, Horne & Survant
P.O. Box 26610
Macon, GA 31221

answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

By: Ravie Tucker
_____
Deputy Clerk

*Tiki Brow*
Tiki Brow
Clerk of State Cou
Clayton County, Georg
Ravie Tuck

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

TIFFANY MORTON,

    Plaintiff,

vs.

THE KROGER CO.,

    Defendant.

CIVIL ACTION NO. 2021CV01609

## COMPLAINT FOR DAMAGES

**COMES NOW,** Tiffany Morton, Plaintiff in the above-named and stated case and respectfully shows the Court the following:

### 1.

Defendant The Kroger Co., (hereinafter referred to as "Defendant") is a foreign corporation that, at all times pertinent, transacted business in the State of Georgia and operated a store located at 3618 Highway 138 SE, Stockbridge, Clayton County, Georgia, and is subject to the jurisdiction and venue of this Court. Kroger's registered agent for service is CSC of Cobb County, Inc. and is located at 192 Anderson Street SE, Suite 125, Marietta, Georgia 30060.

### 2.

Defendant has injured and damaged the Plaintiff by reason of the facts hereinafter set forth.

### 3.

Plaintiff shows that on or about January 26, 2020, she was a lawful invitee at Defendant's store located at 3618 Highway 138 SE, Stockbridge, Clayton County, Georgia. Plaintiff entered

the store and walked towards the restroom.  She slipped on clear liquid on the floor, causing her to fall.

### 4.

Defendant knew, or should have known, that there was liquid on the floor.

### 5.

As a result of the negligent acts of the Defendant, Plaintiff sustained injuries from which she did then suffer, now suffers, and will continue to suffer great pain of body and mind.  Plaintiff shows further that she has incurred medical expenses and lost wages.

### 6.

Plaintiff shows that the aforesaid incident and all of her injuries and damages were a direct result of and proximately caused by the Defendant who was negligent in the following particulars:

(a)   In failing to exercise ordinary care in keeping the premises and approaches safe, in violation of O.C.G.A §51-3-1;

(b)   In failing to provide a safe environment for patrons;

(c)   In failing to inspect and maintain the property and in allowing the property to become unsafe for patrons;

(d)   In failing to implement procedures which would provide for the safety of its patrons; and

(e)   Defendant was otherwise negligent.

**WHEREFORE,** Plaintiff prays for the following:

(a)   That summons be issued requiring Defendant to be served as provided by law and requiring the Defendant to answer the Complaint;

2021CV01609

(b)    That Plaintiff have a trial by a fair and impartial jury of twelve members;

(c)    That Plaintiff obtain a judgment against the Defendant in a just and reasonable amount to compensate her for her injuries and damages, both special and general;

(d)    That the costs of bringing this action be taxed against the Defendant; and

(e)    That Plaintiff has such other and further relief as the Court shall deem just and equitable.

_____
W. CARL REYNOLDS
Georgia Bar No. 601900

_____
MARTY K. SENN
Georgia Bar No. 513896

REYNOLDS, HORNE & SURVANT
P.O. Box 26610
Macon, Georgia 31221-6610
(478) 405-0300

## SERVICE INSTRUCTIONS

Please serve Defendant The Kroger Co. via its Registered Agent for service CSC of Cobb County, Inc., 192 Anderson Street SE, Suite 125, Marietta, Georgia 30060 by the Sheriff of Cobb County, Georgia.

*Tiki Brown*
**Tiki Brow**
**Clerk of State Cou**
**Clayton County, Georg**
**Ravie Tuck**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

TIFFANY MORTON,

    **Plaintiff,**

    **vs.**

THE KROGER CO.,

    **Defendant.**

CIVIL ACTION NO. 2021CV01609

---

### PLAINTIFF'S RULE 5.2 NOTICE OF FILING OF DISCOVERY MATERIAL

---

COMES NOW, Tiffany Morton, Plaintiff in the above-referenced case, and pursuant to the local rules of this court, shows that on July 15, 2021, she filed with the Complaint this Notice and served upon Defendant the following:

1.    *Plaintiff's First Interrogatories to Defendant The Kroger Co.;*

2.    *Plaintiff's First Request for Production of Documents to Defendant The Kroger Co.; and*

3.    *Plaintiff's First Request for Admissions to Defendant The Kroger Co.*

_____
MARTY K. SENN
Georgia Bar No. 513896

REYNOLDS, HORNE & SURVANT
P.O. Box 26610
Macon, Georgia 31221-6610
(478) 405-0300

*Tiki Brow*
Tiki Brov
Clerk of State Cou
Clayton County, Georg
Ravie Tuck

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

TIFFANY MORTON,

      **Plaintiff,**

      **vs.**

THE KROGER CO.,

      **Defendant.**

**CIVIL ACTION NO.** 2021CV01609

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

Pursuant to O.C.G.A. § 9-11-36, Plaintiff makes the following First Request for Admissions ("Requests") upon Defendant. Answers to each Request for Admissions must be made separately and fully in writing by the Defendant, or a person authorized to make answers on behalf of the Defendant, and must be served on the undersigned counsel of record for the Plaintiff within 45 days of the service of these Requests. The effect of a failure to respond to this Request for Admissions within 45 days of service is the admission of each matter for which an admission is requested.

If you deny only a part of a request, state which part of the request you admit and which part you deny. If you can make the requested admission only with qualifications, state in full each qualification you make. If you cannot admit or deny a particular request, set forth in detail each reason why you cannot do so. Note that lack of knowledge or information is not a sufficient reason for failure to admit or deny a request.

**YOU ARE HEREBY REQUESTED TO ADMIT:**

**1.**

That each of the following statements is true: **NOTE:** The pertinent time frame for all of the following statements and sections within this document is January 26, 2020.

**A.**

Defendant is a business entity transacting business in Clayton County, Georgia.

**B.**

Defendant failed to exercise ordinary due care in the operation or continuation of its business on the day made subject of this lawsuit.

**C.**

Defendant failed conduct its business in a manner which would provide for the safety of its lawful invitees / patrons or other individuals.

**2.**

You were properly named and were legally served with this document, complaint, interrogatories, and request for production of documents.

**3.**

Venue is proper in Clayton County, Georgia.

**4.**

You have negligently injured Plaintiff.

**5.**

You are liable to Plaintiff for her injuries, damages and suffering.

_____

MARTY K. SENN
Georgia Bar No. 513896

REYNOLDS, HORNE & SURVANT
P.O. Box 26610
Macon, Georgia 31221-6610
(478) 405-0300

*Tiki Brown*
Tiki Brow
Clerk of State Cou
Clayton County, Georg
Ravie Tuck

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

TIFFANY MORTON,

    Plaintiff,

    vs.

THE KROGER CO.,

    Defendant.

CIVIL ACTION NO. 2021CV01609

---

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT

Plaintiff propounds the following interrogatories pursuant to O.C.G.A. § 9-11-34 as amended.

### Instructions for Answers

By order of law you must answer the interrogatories separately and fully in writing under oath. Answers must be made by you personally. Answers must be served on the undersigned counsel for plaintiff within 45 days of the service hereof.

You must furnish all information available to you, including hearsay from other persons. That is, you must furnish information known or obtained by you, by your agents, by your attorneys, or appearing in your records.

You must exercise due diligence to secure full information to answer these interrogatories. If you still cannot answer in full, answer to the extent possible, specify your inability to answer the remainder, state whatever information or knowledge you have concerning the unanswered portion, and detail what you did in attempting to secure the unknown information.

<u>Definitions</u>

"You" or "defendant" or synonymous terms include, in addition to the defendant, all agents, employees, attorneys, and servants of the named defendant.

"Identify," with respect to communications of any kind, means to identify the persons making and receiving the communication, the date of the communication, and to quote as nearly as possible the exact terms of the communication.

"Identify," with respect to persons, means to provide the full name, residence and business addresses, residence and business telephone numbers, title and place of employment.

"Identify," with respect to documents, books or other items of tangible evidence, means to provide the title or description of the item, the date of the item, and an identification of the custodian of the item.

"Item of tangible evidence" is defined in the broadest sense permitted by the applicable provisions of civil procedure, and specifically includes, without any limitation intended, all letters, memoranda, statements, reports, journals, appointment calendars, handwritten notes, files, file folders, photographs, books, tape recordings, transcripts, telephone records and recordings, all other electronic or phono recordings, all information in computers, in computer readable form or on microfilm, plans, surveys, diagrams, drawings, instructions, bills of sale, deeds, invoices, receipts, ledgers, tabulations, other records, and physical evidence of every kind.  The term is not limited to items of evidence which have been
admitted into evidence in any proceeding, nor to items which you agree are admissible.

## **GENERAL INFORMATION**

1. State your full and correct legal name, its nature (whether a corporation, association partnership, or other), its principal place of business within the State of Georgia, if any,

and its principal office if it has no office within the State of Georgia, and the name and address of its registered agent, if a corporation.

2.      If the defendant is not correctly identified in this complaint, please state the correct name and address for service.

3..     If the defendant was improperly served, please state the factual basis for your contentions, and cite the legal authority upon which you are relying.

4.      If you contend any other party is responsible for the injuries and/or damages sustained by the Plaintiff, please identify same and state the duty which was breached.

## <u>WITNESS INFORMATION</u>

5.      What are the names, addresses, home telephone numbers, places of employment and present whereabouts of all witnesses known to you who either saw or claim they saw all or any part of the occurrence complained of in this action?

6.      What are the names, addresses, home telephone numbers, places of employment and present whereabouts of all witnesses known to you who arrived at the scene immediately or shortly after the occurrence complained of in this action?

7.      Please list the names, addresses, telephone numbers and current places of employment of any person who may have relevant knowledge or information of the facts surrounding the incident complained of in this lawsuit?

8.      What are the names, addresses, home telephone numbers, places of employment and present whereabouts of all persons who have given written statements, mechanically recorded statements, or oral statements later reduced to writing to you, your attorney, your insurance carrier or anyone else to your knowledge covering the facts and circumstances of the incident which is the subject matter of this litigation? For each statement listed,

please include the date such statement was made and to whom it was given.

9.  Please state the name, address, and job title, or capacity of each person you expect to call as an expert witness at the trial of this case and, regarding any such expert, please state the subject matter and substance of the facts and opinions to which the expert is expected to testify.

10. If you have retained or employed an expert in anticipation of litigation or preparation for trial, and who is not expected to be called as a witness at trial, please identify and state specifically the name and address of each such expert.

## INCIDENT INFORMATION

11. State whether there have been any accidents to your knowledge, on the premises in question, made subject of this lawsuit.  If so, please state:

    (a)  The exact location of the accidents;

    (b)  How the accidents occurred;

    (c)  The name, address, telephone number, and present whereabouts of the persons sustaining the accidents.

12. State whether there have been any accidents to your knowledge on the premises in question since the alleged occurrence.  If so, state:

    (a)  The exact location of the accidents;

    (b)  How the accident occurred;

    (c)  Whether any record was made of the accidents and if so, the name and address of the person in whose possession the same now is.

13. State whether there have been any changes, repairs, modifications, additions, or alterations of any kind in connection with the premises in question in the area where this accident is

alleged to have occurred.  If so, state:

    (a)    The nature of the same;

    (b)    The reason for the same;

    (c)    The date the same were made.

14.    State the name and address of the person or persons responsible for the safety of lawful invitees / patrons of the Defendant's store.

15.    State what instructions, if any, were given to employees, prior to the alleged occurrence regarding the inspection of the flooring in Defendant's store.

16.    Please identify by name, address, title or position, and telephone number, each of Defendant's employees who were on duty on the date, and at the time of the incident which is the subject matter of this lawsuit.

17.    Please identify by name, address and title or position each of Defendant's employees who were responsible for supervising and/or safeguarding patrons at the Defendant's store on the date of the incident which is the subject matter of this Complaint.

18.    Does the Defendant know of any still or motion pictures, plans, drawings, blueprints, sketches or diagrams made, other than by counsel regarding this occurrence, or the site of this occurrence?  If so, as to each item, state:

    (a)    The nature of the same;

    (b)    The date when the same was made;

    (c)    The name, address and employer of the person in whose possession the same now is.

19.    Does Defendant know of any documents, papers, books, accounts, letters, photographs, drawings, plans, objects, measurements, written descriptions or other tangible things

containing evidence relating to this action and not previously listed herein?  If so, as to each such item, state:

(a)     Its nature and specific subject matter;

(b)     The date the same was made or taken;

(c)     The name, address and employer of the person in whose possession the same now is.

20.     Please state in detail your version of how this incident occurred.

21.     Please briefly describe the Defendant's contention regarding the cause of the accident that is the subject matter of this litigation.

22.     What was done by Defendant in the operation of its business to avoid the subject accident?

23.     Please describe what methods, if any, Defendant employs in order to ensure the safety of those present at the location of the subject accident.  Specifically, please detail safety policies, standards and/or procedures employed by Defendant to ensure the safety of its patrons / lawful invitees.

24.     Do you contend that the Plaintiff contributed to this accident in any way?  If so, please describe the facts and circumstances which you rely upon in support of this contention.

25.     Please state whether an accident or incident report was completed by Defendant or its employees.  If so, please identify by name, address and title, the person who completed this report, and where the report is currently located.

26.     What is the name of Defendant's liability insurance carrier and the limits of all liability insurance applicable to this case?

27.     Please state whether the Defendant has any medical payment benefits coverage which may provide medical expense coverage for injuries on its premises.  If so, please provide the

amount of coverage available.

28.     Please state whether the Defendant has conducted an investigation into the facts and circumstances of this accident.   If so, please describe the investigation and identify by whom the investigation was conducted.

29.     Please give the name, current address, place of employment and telephone number of all persons known to you or your attorney who have any knowledge of relevant information, facts, or circumstances which bear on any of the issues in the captioned case.

30.     Please provide the name, title and address of each person who participated in the answering of these interrogatories.

31.     What entity or individual is responsible for maintaining the flooring in the Defendant's store?

32.     What entity or individual is responsible for cleaning the flooring in the Defendant's store?

_____

MARTY K. SENN
Georgia Bar No. 513896


REYNOLDS, HORNE & SURVANT
P.O. Box 26610
Macon, Georgia 31221-6610
(478) 405-0300

*Tiki Brown*
Tiki Brow
Clerk of State Cou
Clayton County, Georg
Kavie Tuck

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

TIFFANY MORTON,

    **Plaintiff,**

    **vs.**

THE KROGER CO.,

    **Defendant.**

**CIVIL ACTION NO.** 2021CV01609

---

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

Plaintiff hereby propounds the following requests for production pursuant to O.C.G.A. § 9-11-34.

<u>Instructions for Response and Production</u>

Items of tangible evidence to be produced include those in the possession of (1) the defendant, (2) all attorneys, servants, agents, representatives, private investigators of the defendant, (3) any others who have obtained information for or on behalf of any of the above, and (4) all other persons, firms, corporations or other legal entities where any persons or entities in categories (1), (2) or (3) have the legal right to the custody or control of, or permissive access to, the items of tangible evidence in question.

Items of tangible evidence requested for production herein below shall be produced for the plaintiff's inspection and copying no later than 5:00 p.m. on the 45th day after the service of these interrogatories for production upon the defendant, unless that day is a Saturday, Sunday or legal holiday, in which case they shall be produced no later than 5:00 p.m. on the next day which is not a Saturday, Sunday or legal holiday. The production shall take place at the office of the

undersigned counsel of record for the plaintiff, where facilities are available for making proper copies, unless the defendant makes other suitable arrangements for production of the matter requested within the time limits set forth above.

The obligation to produce items of tangible evidence herein below requested may be satisfied by attaching to the answers a true and accurate copy of such items of tangible evidence, upon approval of the undersigned.

If production of the items of tangible evidence is impossible, verified reasons should be given.

"Item of tangible evidence" is defined in the broadest sense permitted by the applicable provisions of civil procedure, and specifically includes, without any limitation intended, all letters, memoranda, statements, documents, reports, journals, appointment calendars, handwritten notes, files, file folders, photographs, books, tape recordings, transcripts, telephone records and recordings, all other electronic or phono recordings, all information in computers, in computer readable form or on microfilm, plans, surveys, diagrams, drawings, instructions, bills of sale, deeds, invoices, receipts, ledgers, tabulations, other records, and physical evidence of every kind. The term is not limited to items of evidence which have been admitted into evidence in any proceeding, nor to items which you agree are admissible.

You are requested to produce and to permit the plaintiff to inspect and copy each of the following:

1.     All written or recorded statements made by any witness, party or other person having relevant information or knowledge of any fact or circumstance in this action.

2.     All statements previously made by plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the

plaintiff hereto and any stenographic, mechanical, electrical, or other type of recording and any transcription thereof made by plaintiff hereto.

3.  Any and all photographs, sketches, transparencies, plats, surveys, maps, movies, videotape and/or drawings of any person, party, scene, or any other object or thing relative to the incident referred to in the Complaint of this action and the subject matter thereof.

4.  All surveillance movies or photographs which have been made of the plaintiff.

5.  All expert reports which have been obtained from any expert.

6.  A true and correct copy of Defendant's policy and procedural manual in effect as of January 26, 2020.

7.  A true and correct copy of Defendant's safety guidelines in effect as of January 26, 2020.

8.  A copy of any incident or accident report or report of any nature made concerning the accident which is the subject matter of this action.

9.  A copy of any incident or accident report or report of any nature made concerning any accidents, occurring prior, or subsequent to, subject incident, as identified in Interrogatories 1& 2, under heading Incident Information.

10. Please produce any and all insurance agreements, contracts, and/or policies under which a person or corporation carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in this action. {(Note: This request is intended to include, but is not limited to any and all declaration pages, policy provisions, terms, conditions, and exclusions, and endorsements) (including, but not limited to, the general liability endorsement and all umbrella coverage)}

11.   All medical records, statement of charges, and any and all other records or documentation, which the Defendant has in its possession with regard to the Plaintiff.

12.   All written documentation of all inspections made at the location of subject accident for January 26, 2020.

13.   All settlement agreements, in which you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

_____

MARTY K. SENN
Georgia Bar No. 513896

REYNOLDS, HORNE & SURVANT
P.O. Box 26610
Macon, Georgia 31221-6610
(478) 405-0300

2021CV01609

125307

| | Superior Court | ☐ | Magistrate Court | |

Civil Action No. __2021CV01609__

Date Filed __July 15, 2021__

| State Court | ☑ | Probate Court | |
| Juvenile Court | ☐ | |

Tiki Brown
KEPD
Clerk of State Court
Clayton County, Georgia
Tashea Matthews

Georgia, __CLAYTON__ _____ COUNTY

Attorney's Address
MARTY K. SENN
P.O. BOX 26610
MACON, GA 31221-6610

TIFFANY MORTON, _____

_____ Plaintiff

**Vs.**

THE KROGER CO. _____

Name and Address of Party to Be Served

THE KROGER CO. via Reg. Agent CSC of Cobb Co., Inc.

_____ Defendant

192 Anderson St. SE, Ste. 125

Marietta, GA  30060

_____ Garnishee

**\*\*Also serving ROGs, RFAs, & RPDs to Def. Kroger**

## SHERIFF'S ENTRY OF SERVICE

_____ I have this day served the defendant _____ personally with a copy the within action and summons

_____ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

__X__ Served the defendant __*Kroger Co.*__ _____ a corporation
by leaving a copy of the within action and summons with __*Terri Thompson*__ _____
in charge of the office and place of doing business of said Corporation in this County.

COBB CO. SHERIFF'S
CIVIL SECTION
'21 JUL 19  AM 11:__

_____ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

_____ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This __20__ day of __July__, __2021__

_____ **DEPUTY**

**SHERIFF DOCKET _____ PAGE _____**

SC-2 Rev. 85

Copy from re:SearchGA